UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
T.P. an Infant by her Mother and Natural Guardian,
BLONDEL PATTERSON, and BLONDEL
PATTERSON, Individually,

                      Plaintiffs,

    vs.

ELMSFORD UNION FREE SCHOOL DISTRICT, ANDREA
HAMILTON, MARC BAIOCCO, NANCY CORDERO, and
ELLEN WHALEN

                      Defendants.
-----------------------------------------------------------------

**COMPLAINT**

Index No.:

11 CIV 5133

JUDGE BRICCETTI

       Plaintiff T.P, an infant by her Mother and Natural Guardian, BLONDEL PATTERSON, and Plaintiff BLONDEL PATTERSON, individually (hereinafter collectively, "Plaintiffs") by their attorneys, THE DORF LAW FIRM, LLP, as and for its Verified Complaint, complaining of Defendants ELMSFORD UNION FREE SCHOOL DISTRICT ("Defendant Elmsford School"), Andrea Hamilton ("Defendant Hamilton"), Marc Baiocco ("Defendant Baiocco"), Nancy Cordero ("Defendant Cordero"), and Dr. Ellen Whalen ("Defendant Whalen") alleges the following upon information and belief:

1. Plaintiffs are individuals who reside in the State of New York, having a residence at 60 Winthrop Avenue, Elmsford, New York.

2. Pursuant to Federal Rule of Civil Procedure (FRCP) 5.2(a)(3), the infant Plaintiff herein shall be referred to only by her initials, T.P., or as the "Infant Plaintiff."

3. Upon information and belief, Defendant Elmsford School was and is at all times hereinafter a union free school district in the village of Elmsford, County of Westchester, in the State of New York, and receives federal funding from the Unites States Department of Education.

4. Upon information and belief, Defendants Hamilton, Baiocco and Cordero, who are named individually and in their official capacity, were and are all natural persons employed by Defendant Elmsford School.

5. Upon information and belief, Defendant Whalen is a natural person working as a physician in the State of New York, with her principle place of business at 984 North Broadway, Suite 301, Yonkers, New York, 10701.

6. Upon information and belief, Defendant Whalen was, and may be currently, employed by Defendant Elmsford School.

7. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343 and 1367(a).

8. Venue is proper pursuant to 28 U.S.C. §1391(b).

9. Plaintiffs provided a Notice of Claim to Defendant Elmsford School on December 13, 2010, pursuant to Section 3813 of the New York State Education Law. Plaintiffs' Notice of Claim is attached hereto as Exhibit A.

10. According to New York's General Municipal Law Section 50-H, Defendant Elmsford School took the oral examination of both Plaintiffs, pursuant to demand, on February 22, 2011.

11. This action is brought pursuant to 42 U.S.C. §1983 and 1988, Title IX of the Education Amendment of 1972, 20 U.S.C. §1681 and the laws of the state of New York, and stems from an incident that took place at Alexander Hamilton High School, 98 South Goodwin Avenue, Elmsford, NY 10523 (the "School") on or about November 8, 2010.

12. On or about November 8, 2010, infant Plaintiff T.P. ("Infant Plaintiff") was a student at Alexander Hamilton High School (the "School") in the seventh (7th) grade.

13. Upon information and belief, Alexander Hamilton High School is open to students in grades seven (7) through twelve (12).

14. On November 8, 2010, at or around approximately 11:00 a.m., while Infant Plaintiff was in attendance of one of her classes, she was notified by her teacher to report immediately to the nurse's office.

15. Defendant Cordero was the school nurse employed by Alexander Hamilton High School on or about November 8, 2010.

16. As instructed, the Infant Plaintiff immediately left class and proceeded to Defendant Cordero's office.

17. When the Infant Plaintiff arrived at Defendant Cordero's office, she was instructed by Defendant Cordero that the School needed to conduct a physical examination of the Infant Plaintiff. Defendant Cordero explained this physical examination was required for participation in the School's basketball team.

18. Infant Plaintiff had signed up to participate in the School's basketball team prior to November 8, 2010, but neither she nor Plaintiff Blondel Patterson was informed that a physical examination by the School would be required for participation.

19. The Infant Plaintiff informed Defendant Cordero that her regular pediatrician, Dr. Michelle Bailey, had already performed a physical examination on her earlier that year.

20. In response, the Infant Plaintiff was informed that a physical examination by the School's physician was necessary.

21. The Infant Plaintiff had no prior notice of this physical examination.

22. The mother of Infant Plaintiff, Plaintiff Blondel Patterson, had no prior notice of this physical examination.

23. The Infant Plaintiff never signed a consent form or received any notification whatsoever that the School intended to perform a physical examination of her on November 8, 2010.

24. Plaintiff Blondel Patterson never signed a consent form or received any notification whatsoever that the School intended to perform a physical examination of her child on November 8, 2010.

25. On November 8, 2010, at or around 11:15 a.m., the Infant Plaintiff was instructed to enter a separate room connected to Defendant Cordero's office. Once the Infant Plaintiff entered this room, the door was shut behind her.

26. The only persons present in this room were the Infant Plaintiff and Defendant Whalen.

27. After briefly asking the Infant Plaintiff about her medical history, Defendant Whalen instructed the Infant Plaintiff to lie down on a medical bed, to remove portions of her clothing and to expose her genitalia.

28. Defendant Whalen then examined the Infant Plaintiff's genitalia with a flashlight.

29. On November 8, 2010, the Infant Plaintiff was menstruating and Defendants' actions caused the Infant Plaintiff severe humiliation and emotional and psychological distress.

30. The Infant Plaintiff was in the room with Defendant Whalen for approximately fifteen (15) to twenty (20) minutes.

31. As a result of this Incident, the Infant Plaintiff has suffered severe emotional distress and psychological trauma.

32. As a result of this Incident, the Infant Plaintiff's performance in school suffered.

33. Prior to the examination, no one informed the Infant Plaintiff, or Plaintiff Blondel Patterson, that the School's physical examination would involve the removal of Infant Plaintiff's clothing and the exposing of her genitalia.

34. Plaintiff Blondel Patterson called the School, on November 8, 2010, the day of the Incident, after Infant Plaintiff informed her of the Incident. Plaintiff Blondel Patterson spoke to Defendant Cordero and complained of the Incident, stating that neither herself nor her daughter gave consent to the School for the physical examination, and that Infant Plaintiff felt violated by the physical examination.

35. Defendant Elmsford School, its agents and/or employees, including Defendants Hamilton, Baiocco, and Cordero, did not take action in response to Plaintiff Blondel Patterson's complaint.

36. From on or about the date of the Incident, the Infant Plaintiff suffered maltreatment, harassment and/or retaliatory treatment from employees and/or teachers of the School, so much so that the Infant Plaintiff had to transfer to another high school in April 2011.

37. Upon information and belief, this treatment was in retaliation for complaining of the Incident on November 8, 2010 and/or for filing of the Notice of Claim.

38. Defendant Hamilton and Defendant Baiocco participated, perpetuated and/or failed to prevent these incidents of retaliation.

39. On or about November 9, 2010, the day after the Incident, the Infant Plaintiff was removed from the School's lunch program.

40. On or about March 31, 2011, the School expelled the Infant Plaintiff from the School and forced the Infant Plaintiff to leave the School's property, without cause. In doing this, Defendant Elmsford School, its agents and/or employees, including Defendants Hamilton and Baiocco, deprived the Infant Plaintiff of her rights.

41. Earlier that day, on or about March 31, 2011, the School received a request for the transcript of the Infant Plaintiff from a neighboring high school, so that the Infant Plaintiff could transfer high schools.

42. Upon the receipt of this request for a transcript, the agents and/or employees of Defendant Elmsford School, including Defendant Hamilton and Defendant Baiocco, immediately expelled the Infant Plaintiff from the School.

43. During the middle of the school day on March 31, 2011, around approximately 11:30 a.m., the Infant Plaintiff and Plaintiff Blondel Patterson were informed by the School's Guidance Counselor Monica Ahearn that the Infant Plaintiff was no longer a student at the School, and that the Infant Plaintiff must immediately leave the School's property.

44. Guidance Counselor Monica Ahearn informed Plaintiff Blondel Patterson that the reason Infant Plaintiff was being expelled was because the School received a request for the Infant Plaintiff's transcript from another high school.

45. On that date, March 31, 2011, the Infant Plaintiff was not yet enrolled in any other educational institution.

46. Plaintiff Blondel Patterson informed the School's Guidance Counselor Monica Ahearn that the Infant Plaintiff was not yet enrolled in any other educational institution.

47. Plaintiff Blondel Patterson also attempted to get in touch with other agents and/or employees of Defendant Elmsford School, including Defendant Hamilton and Defendant Baiocco, to inform them that the Infant Plaintiff was not yet enrolled in any other educational institution.

48. Plaintiff Blondel Patterson's calls to the agents and/or employees of Defendant Elmsford School on March 31, 2011, including Defendant Hamilton and Defendant Baiocco went unanswered.

49. During the middle of the school day on March 31, 2011, around approximately 11:30 a.m., the Infant Plaintiff was forced by the agents and/or employees of Defendant Elmsford School, including Defendant Hamilton and Defendant Baiocco, to leave the Schools' property.

50. The Infant Plaintiff was not permitted to finish the School day. Infant Plaintiff was not permitted to wait for her mother, Plaintiff Blondel Patterson, or any other relative to pick her up from the School. Infant Plaintiff was not permitted to wait for the School's bus to take her home.

51. Rather, Infant Plaintiff was escorted off the School's property and forced to leave the School's property on foot carrying her school belongings and unaccompanied by an adult.

52. This act caused the Infant Plaintiff severe humiliation, embarrassment and emotional distressed and acted to deprive Infant Plaintiff of her right to an education.

53. The Infant Plaintiff did not begin attending another high school until on or about April 5, 2011.

54. The Incident on November 8, 2010, together with the harassment from the agents and/or employees of Defendant Elmsford School, including Defendant Hamilton and Defendant Baiocco, subsequent to the filing of the Notice of Claim in this action, which included the incident on March 31, 2011, described above, caused Infant Plaintiff severe emotional and psychological distress and served to deprived her of her right to education and to be free from retaliation based on claims of discrimination or harassment.

55. The incident on November 8, 2010, together with the harassment from the agents and/or employees of Defendant Elmsford School, including Defendant Hamilton and Defendant Baiocco, subsequent to the filing of the Notice of Claim in this action caused Plaintiff Blondel Patterson severe emotional and psychological distress.

## AS AND FOR A FIRST CAUSE OF ACTION

(Negligence as to
Defendants Elmsford School, Hamilton, Baiocco, Cordero and Whalen)

56. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 55 above.

57. On or about November 8, 2010, the Infant Plaintiff was required to disrobe and expose her genitalia by the actions of the negligence, carelessness and recklessness of Defendant Elmsford School, its agents, servants and/or employees.

58. On such date, in causing, permitting and allowing the Infant Plaintiff to be alone in a room with an individual known as Defendant Whalen violated its own Rules and Regulations regarding parental consent.

59. On such date, Defendants Elmsford School, Hamilton, Baiocco, Cordero and Whalen acted in violation of Defendants Elmsford School's own Rules, Regulations, Policies and Procedures regarding supervision of students during physical examinations by permitting a hazardous, unsafe and dangerous condition to exist at the aforementioned location, and in otherwise being negligent and careless under the circumstances.

60. On such date, Defendants Elmsford School, Hamilton, Baiocco, Cordero and Whalen acted in violation of Defendants Elmsford School's own Rules, Regulations, Policies and Procedures regarding the information and consent of parents and students with regard to

physical examinations and permitting a hazardous, unsafe and dangerous condition to exist at the aforementioned location.

61. Defendants named above owed a duty of care to Plaintiffs.

62. Defendants breached their duty of care owed to Plaintiffs, by failing to comply with their own Rules, Regulations, Policies and Procedures, and failing to comply with acceptable standards of care with regard to the supervision of children.

63. Defendant Elmsford School is vicariously liable for the negligence of its employees.

64. As a result of Defendants' negligence described herein, Plaintiffs suffered damages in an amount exceeding the jurisdictional limits of this court and yet to be determined at trial.

### AS AND FOR A SECOND CAUSE OF ACTION

(42 U.S.C. 1983/Deprivation of Rights as to
Defendants Elmsford School, Hamilton, Baiocco, Cordero and Whalen)

65. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 64 above.

66. The Infant Plaintiff was deprived of a specific right, privilege, or immunity secured by the Constitution or laws of the United States in a manner that was severe and pervasive.

67. These rights, privileges, or immunities secured by the Constitution or laws of the United States include the right to an education, the right to be free from unwanted physical and/or sexual conduct, and the right to be free from intrusions into her physical person.

68. These deprivations were committed by Defendant Elmsford School, Defendant Hamilton, Defendant Baiocco, Defendant Cordero and Defendant Whalen under color of state law.

69. These deprivations caused Plaintiffs to suffer damages in an amount exceeding the jurisdictional limits of this court and yet to be determined at trial.

## AS AND FOR A THIRD CAUSE OF ACTION

(42 U.S.C. 1983/ Equal Protection as to
Defendants Elmsford School, Hamilton and Baiocco)

70. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 69 above.

71. The Infant Plaintiff was deprived of a specific right, privilege, or immunity secured by the Constitution or laws of the United States, when she was expelled from the School without cause on March 31, 2011.

72. Through this act, Defendant Elmsford School, Defendant Hamilton, and Defendant Baiocco deprived the Infant Plaintiff of an equal protection, privilege or right under the law of the United States.

73. This disparate treatment on the part of Defendant Elmsford School, Defendant Hamilton, and Defendant Baiocco was based upon sheer vindictiveness, maliciousness, animosity or spite, and is unrelated to any legitimate state interest.

74. This deprivation was committed by Defendant Elmsford School, Defendant Hamilton, and Defendant Baiocco under color of state law.

75. These deprivations caused Plaintiffs to suffer damages in an amount exceeding the jurisdictional limits of this court and yet to be determined at trial.

## AS AND FOR A FOURTH CAUSE OF ACTION

(20 U.S.C. 1681 as to
Defendants Elmsford School, Hamilton and Baiocco)

76. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 75 above.

77. After becoming aware of the Infant Plaintiff's complaint against Defendant Elmsford School regarding the incident that took place on November 8, 2010, Defendant Elmsford School, through the acts of its agents and/or employees, took adverse action against the Infant Plaintiff, and/or acted with deliberate indifference toward the Infant Plaintiff with regard to the incident that occurred on November 8, 2010.

78. Further, the agents and/or employees of Defendant Elmsford School, including Defendant Hamilton and Defendant Baiocco, caused the Infant Plaintiff to be expelled from the School, without cause, and to be removed from the School's property in the middle of the school day without cause or notice.

79. Upon information and belief, this act, committed on March 31, 2011, was in retaliation for complaining of the Incident on November 8, 2010, fully described above.

80. The acts of the agents and/or employees of Defendant Elmsford School, including Defendant Hamilton and Defendant Baiocco, have been severe, pervasive, and objectively offensive such that the Infant Plaintiff was effectively barred from access to educational opportunities or benefits.

81. This deprivation was the proximate cause of injuries suffered by the Infant Plaintiff.

82. These acts caused Plaintiffs to suffer damages in an amount exceeding the jurisdictional limits of this court and yet to be determined at trial.

### AS AND FOR A FIFTH CAUSE OF ACTION

(Substantive Due Process as to
Defendants Elmsford School, Hamilton and Baiocco)

83. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 82 above.

84. The acts of the agents and/or employees of Defendant Elmsford School, including Defendant Hamilton, Defendant Baiocco and Defendant Cordero on November 8, 2010, allowed Defendant Whalen to disrobe, examine and have physical and/or sexual contact with the Infant Plaintiff.

85. Defendant Elmsford School, including Defendant Hamilton and Defendant Baiocco on March 31, 2011, in expelling Infant Plaintiff from the School without cause and forcing her to leave the School's property, upon information and belief, were arbitrary, irrational and/or motivated by bad faith.

86. These acts were perpetrated by Defendant Elmsford School, including Defendant Hamilton, Defendant Baiocco and Defendant Cordero as state actors.

87. As a result of these acts, fully described herein, Infant Plaintiff was deprived of her substantive due process rights secured to her by the United States Constitution and suffered damages in excess of the jurisdictional limits of this court and yet to be determined.

## AS AND FOR A SIXTH CAUSE OF ACTION

(New York Executive Law 296 §4 as to
Defendant Elsmford School)

88. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 87 above.

89. Upon information and belief, Defendant Elmsford School District holds itself out to the public to be non-sectarian and exempt from taxation pursuant to the provisions of article four of the real property tax law.

90. Defendant Elmsford School denied the use of its facilities to the Infant Plaintiff, who was otherwise a qualified person, on or about March 31, 2011.

91. Defendant Elmsford School denied the use of its facilities to the Infant Plaintiff, who was otherwise a qualified person, based on discriminatory and/or retaliatory motivations.

92. Defendant Elmsford School denied the use of its facilities to the Infant Plaintiff, who was otherwise a qualified person, without any legitimate state cause.

93. Infant Plaintiff suffered damage and a deprivation of rights as a result of this conduct.

<div style="text-align: center;">

AS AND FOR A SEVENTH CAUSE OF ACTION

(New York Executive Law 296 §7 as to
Defendants Elmsford School, Hamilton, Baiocco and Cordero)

</div>

94. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 93 above.

95. Defendant Hamilton, Defendant Baiocco, Defendant Cordero and Defendant Whalen engaged in conduct that constituted intentional acts which subjected Plaintiff to harassment of a sexual nature in a manner that was severe.

96. This act changed the condition of the Infant Plaintiff's education environment, and/or created a hostile or abusive educational environment for the Infant Plaintiff.

97. Defendant Whalen was hired by Defendant Elmsford School as an agent and/or employee to act on behalf of Defendant Elmsford School.

98. Defendant Elmsford School, Defendant Hamilton, Defendant Baiocco, and Defendant Cordero engaged in further conduct that aided, abetted, facilitated and/or protected this conduct.

99. These deprivations caused Plaintiffs to suffer damages in an amount exceeding the jurisdictional limits of this court and yet to be determined at trial.

## AS AND FOR AN EIGHT CAUSE OF ACTION

(Battery as to Defendant Whalen)

100. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 99 above.

101. On or about November 8, 2010, Defendant Whalen made contact with the Infant Plaintiff's physical person, in a manner that was (a) intentional, (b) harmful and/or offensive, and (c) without the consent of the Infant Plaintiff, or with consent that was procured by fraud or duress.

102. The Infant Plaintiff suffered damage as a result of Defendant's actions.

## AS AND FOR A NINTH CAUSE OF ACTION

(Assault as to Defendant Whalen)

103. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 102 above.

104. On or about November 8, 2010, Defendant Whalen engaged in physical conduct toward the Infant Plaintiff. This physical conduct included causing the Infant Plaintiff to disrobe, causing the Infant Plaintiff to lie down on a medical table, and conducting an examination of the Infant Plaintiff's genitals.

105. This conduct of Defendant Whalen caused the Infant Plaintiff to be in imminent apprehension of bodily contact that was harmful, offensive or unwanted.

106. The Infant Plaintiff suffered damage as a result of Defendant's actions.

## AS AND FOR A TENTH CAUSE OF ACTION

(Emotional Distress as to
Defendants Elmsford School, Hamilton, Baiocco, Cordero and Whalen)

107. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 106 above.

108. On or about November 8, 2010, as a result of Defendants' reckless and/or intentional acts, Infant Plaintiff was disrobed and had her genitals examined by Defendant Whalen.

109. On or about March 31, 2011, Infant Plaintiff was expelled from School without cause, and was caused to be removed from the School's property in a manner that was harassing, embarrassing, and degrading.

110. Defendants act on November 8, 2010, and on March 31, 2011 were extreme and outrageous.

111. Upon information and belief, the actions of the agents and/or employees of Defendant Elmsford School, including Defendant Hamilton, Defendant Baiocco, and Defendant Cordero subsequent to the incident on November 8, 2010 and March, 31 2011, contributed to the emotional trauma and distress of these incidents.

112. As a result of these acts by Defendants Elmsford School, Hamilton, Baiocco, Cordero and Whalen, Infant Plaintiff suffered severe emotional distress and sustained damages in an amount to be determined at trial.

## AS AND FOR A ELEVENTH CAUSE OF ACTION

(Emotional Distress as to
Defendants Elmsford School, Hamilton, Baiocco, Cordero and Whalen)

113. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 112 above.

114. On or about November 8, 2010, as a result of Defendants' reckless and/or intentional acts, Infant Plaintiff was disrobed and had her genitals examined by Defendant Whalen.

115. On or about March 31, 2011, Infant Plaintiff was expelled from School without cause, and was caused to be removed from the School's property in a manner that was harassing, embarrassing, and degrading.

116. Defendants act on November 8, 2010, and on March 31, 2011 were extreme and outrageous.

117. On a number of occasions, Plaintiff Blondel Patterson attempted to contact the agents and/or employees of Defendant Elmsford School, including Defendant Hamilton, Defendant Baiocco, and Defendant Cordero, but was willfully and carelessly disregarded.

118. Upon information and belief, the actions of the agents and/or employees of Defendant Elmsford School, including Defendant Hamilton, Defendant Baiocco, and Defendant Cordero subsequent to the incident on November 8, 2010 and March 31, 2011, contributed to the emotional trauma and distress of these incidents.

119. As a result of these acts by Defendants Elmsford School, Hamilton, Baiocco, Cordero and Whalen, Plaintiff Blondel Patterson suffered severe emotional distress and sustained damages in an amount to be determined at trial.

## AS AND FOR A TWEFLTH CAUSE OF ACTION

(Punitive Damages as to
Defendants Elmsford School, Hamilton, Baiocco and Cordero)

120.   Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 119 above.

121.   Defendants' acts, as described herein, are morally culpable and/or are actuated from reprehensible motives.

122.   Defendants, named above, failed to address Infant Plaintiff's complaint of a physical and sexual violation of her person that occurred by the School's staff, on the School's ground, during school hours.

123.   Defendant Elmsford School, through its agent and/or employees, including Defendants Hamilton and Baiocco, expelled Infant Plaintiff without valid cause and with retaliatory motives.

124.   Defendants' conduct was intentional, deliberate, wanton, willfully reckless and/or malicious.

125.   As such, Plaintiffs request punitive damages be awarded in an amount to be determined by the trier of fact.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury of all issues in this case.

WHEREFORE, Plaintiffs demand judgment be entered against the Defendants as follows:

(a) Granting the Infant Plaintiff damages to be determined by the trier of fact, but believed to be in excess of FIVE MILLION ($5,000,000.00) DOLLARS;

(b) Granting Plaintiff Blondel Patterson damages to be determined by the trier of fact, but believed to be in excess of ONE MILLION ($1,000,000.00) DOLLARS;

(c) Granting Infant Plaintiff punitive damages in an amount to be determined by the trier of fact;

(d) Granting Plaintiffs reasonable attorney's fees and costs pursuant to 42. U.S.C. §1988; and

(e) Granting Plaintiffs other costs and disbursements and such other and further relief as to this Court may seem just and proper.

Dated: Mamaroneck, New York
July 20, 2011

THE DORF LAW FIRM, LLP

By: ______________________

Jonathan B. Nelson
Jessica J. Kastner
Attorneys for Plaintiffs
740 West Boston Post Road, Suite 304
Mamaroneck, NY 10543
(914) 381-7600

To:

ELMSFORD UNION FREE SCHOOL DISTRICT
c/o SUPERINTENDENT OF SCHOOLS
Alexander Hamilton High School
98 South Goodwin Avenue
Elmsford, NY 10523

Marc Baiocco
c/o ELMSFORD UNION FREE SCHOOL DISTRICT
Alexander Hamilton High School
98 South Goodwin Avenue
Elmsford, NY 10523

Andrea Hamilton
c/o ELMSFORD UNION FREE SCHOOL DISTRICT
Alexander Hamilton High School
98 South Goodwin Avenue
Elmsford, NY 10523

Nancy Cordero
c/o ELMSFORD UNION FREE SCHOOL DISTRICT
Alexander Hamilton High School
98 South Goodwin Avenue
Elmsford, NY 10523

Dr. Ellen Whalen
984 North Broadway, Suite 301
Yonkers, NY 10701